PLAGER, Senior Circuit Judge,
dissenting.
The patent in this case relates to the art of navigation, specifically the process for determining the location at any given time of a craft (airplane or ship) proceeding around the earth. This is a well-established art, in practice for centuries. In navigation, the ordinary meaning of “heading” is the compass direction in which a craft is moving, oriented to either magnetic or true north. A heading is understood to be quite different from a “bearing,” which is the direction (expressed in compass terms) that one object bears from another at any given moment. It is hardly likely that the people who invented Honeywell’s patented navigation system were unaware of these conventions.
Claim terms are generally given their ordinary meaning as understood by a person skilled in the art. Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed.Cir.2005) (en banc). While a patentee may choose to be his own lexicographer and use a term in a manner other than its ordinary meaning, and even though an “explicit statement of redefinition” is not always necessary, nevertheless the patentee must clearly express an intent to redefine the term. Bell Atl. Network Servs., Inc. v. Covad Commc’ns Group, Inc., 262 F.3d 1258, 1268 (Fed.Cir.2001).
In my view, the patent in this case falls far short of anything that suggests a clear redefinition of the term “heading.” The term itself does not appear anywhere in the patent’s written description. The majority relies on an embodiment described in the patent that determines alignment as a function of the bearing of the aircraft from the runway. But the alignment discussion in the written description does not use the term heading to describe what is conventionally known as a bearing. Moreover, there is no clear connection between that passage and the alignment determination set forth in claim 1, which does use the term heading. This is not a case like Bell Atlantic in which the patentee implicitly redefined a claim term by using it throughout the written description in a manner consistent with an unconventional meaning. 262 F.3d at 1270-73. Here the patentees did not use the term at all in the written description.
Furthermore, the prosecution history does not show a clear redefinition of the term “heading.” While the applicants at times used the word “heading” to refer to what is actually the bearing of the aircraft from the runway, they used the term in its conventional sense when they referred to “the heading of the runway” in their description of the invention. This inconsistent usage undercuts the argument that the applicants intended to adopt a different definition for the term “heading.” Also, it is apparent from the examiner’s citation of prior art references which use “heading” in the conventional manner that he understood the term to have its ordinary meaning. The applicants, cognizant of the examiner’s understanding of the term and almost certainly aware of the *1368 distinction between a heading and a bearing, did not clearly signal the necessary intent to depart from the ordinary meaning of “heading.”
At best, the patent and the prosecution history show that the inventors or their representatives who drafted the claims and prosecuted the patent left considerable confusion in the record about whether the claimed invention uses heading or bearing. However, it is not the province of the courts to salvage poorly — or incorrectly— drafted patent claims.
Fair notice to the public, and to competitors, of what is claimed depends on our holding patentees to what they claim, not to what they might have claimed. It is the responsibility of those who seek the benefits of the patent system to draft claims that are clear and understandable. When courts fail to enforce that responsibility in a meaningful way they inevitably contribute an additional element of indeterminacy to the system. Sometimes being kind to a party results in being unkind to the larger interests of the society. In my view this is such a case, and I respectfully dissent from the decision.